IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD YOUNG, #50081-066, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 17-cv-00946-JPG<br>) |
| UNITED STATES OF AMERICA, FEDERAL BUREAU OF PRISONS, and DEPARTMENT OF JUSTICE, | )<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Reginald Young, an inmate who is currently incarcerated at the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"), brings this action against the United States, Federal Bureau of Prisons, and Department of Justice pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. (Doc. 1). In the Complaint, Plaintiff alleges that he received inadequate medical care for vision problems at FCI-Greenville. (Doc. 1, pp. 1-7). As a result, he has suffered from progressive vision loss. *Id*. He seeks monetary damages and corrective eye surgery. (Doc. 1, pp. 1, 7).

This case is before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

In the Complaint, Plaintiff describes himself as a 57-year-old inmate, who has suffered from cataracts since 2005. (Doc. 1, p. 2). He alleges that two different ophthalmologists have evaluated him and made recommendations for treatment. (Doc. 1, p. 4). Both specialists recommended surgery to prevent further vision loss. *Id*. To date, the recommendations of these specialists have not been followed with respect to his left eye. *Id*.

In 2008, Doctor Bart Brine diagnosed Plaintiff with cataracts in both eyes. (Doc. 1, p. 3). Doctor Brine recommended surgery on November 3, 2008. *Id*. Consistent with this recommendation, Plaintiff underwent right eye cataract surgery that included implantation of an intraocular lens on May 11, 2009. (Doc. 1, p. 2). However, surgery was also recommended for a nuclear sclerotic cataract and macular puckering in Plaintiff's left eye. (Doc. 1, pp. 1-2). To date, Plaintiff has not received left eye surgery. (Doc. 1, p. 5).

On October 17, 2011, Doctor Alan Montgomery also recommended surgery for Plaintiff's left eye cataract. (Doc. 1, p. 3). On January 15, 2014, the same doctor diagnosed Plaintiff with advanced retinopathy and opined that his vision was not expected to improve without surgery. *Id*. In April 2014, the prison's health services unit ("HSU") attributed Plaintiff's vision problems to high blood pressure. *Id*. Doctor Montgomery disagreed with this assessment and noted that Plaintiff's deteriorating vision was unrelated to his blood pressure on June 1, 2016. *Id*.

Because the Federal Bureau of Prisons refused to address Plaintiff's vision loss in its early stages, Plaintiff's condition deteriorated. (Doc. 1, p. 4). He now describes pain, inflammation, and progressive vision loss attributable to bilateral cataracts and "medically unmanageable open angle glaucoma." *Id*. He also complains of persistent eye pain, blurred vision, and excruciating headaches, among other things. *Id*. Plaintiff struggles to read, climb stairs, interact socially, and focus his attention. *Id*.

In support of his FTCA claim, Plaintiff asserts that he has reviewed the facts of the case with a qualified health professional, who will substantiate his claim. (Doc. 1, p. 5). He has also provided medical records and related documentation in support of his claim. (Doc. 1, pp. 5, 9-19). In addition, he has requested and is still awaiting additional medical documentation from FCI-Greenville's HSU. (Doc. 1, pp. 5-6).

## **Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* Complaint into the following enumerated count:

**Count 1 -** Defendants, by and through the negligent acts or omissions of federal employees, are liable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, for failing to adequately treat Plaintiff's vision problems at FCI-Greenville.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation does not constitute an opinion regarding the merits of this claim.

### Count 1

A federal prisoner may seek monetary relief under the FTCA against the United States for the negligent acts or omissions of any employee of the government acting within the scope of his or her official duties. *Sisk v. United States*, 756 F.2d 497, 500 n. 4 (7th Cir. 1985) (citing 28 U.S.C. §§ 1346(6), 2680)). The FTCA explicitly authorizes "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). It operates as a limited waiver of sovereign immunity. *See id.*; *LM ex rel. KM v. United States,* 344 F.3d 695, 698 (7th Cir. 2003). Plaintiff has properly named the United States in connection with the FTCA claim.

However, he cannot proceed with this claim against the Federal Bureau of Prisons or Department of Justice. The FTCA does not create a cause of action against private individuals or government agencies. *Boutte v. Northwestern Med. Fac. Found.*, 276 F. App'x 490 (7th Cir. 2008) (FTCA claim for negligent misdiagnosis against private physicians group dismissed for lack of subject matter jurisdiction); *Kaba v. Stepp,* 458 F.3d 678, 681 (7th Cir. 2006) ("[T]he United States . . . would be the proper defendant for tort claims involving acts of the named officials within the scope of their employment."); *Stewart v. United States,* 655 F.2d 741, 742 (7th Cir. 1981) ("Plaintiff has no cause of action . . . [under the FTCA] against an employee, her

exclusive remedy being an action against the United States."). Count 1 shall therefore be dismissed with prejudice against both federal agencies.

The FTCA allows claims to proceed against the United States, in the same context as a private person would be liable to the claimant under the applicable law of the state where the act or omission occurred. *See Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2013) (citing 28 U.S.C. § 1346(b)(1)). The acts or omissions at issue in this case occurred in Illinois. Therefore, Plaintiff's FTCA claim is governed by Illinois law.

Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. § 5/2-622(a) (West 2017).[1]

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. § 5/2-622 (West 2013).

A separate affidavit and report shall be filed as to each medical provider. *See* 735 ILL. COMP. STAT. § 5/2-622(b). Plaintiff alleges that he is in compliance with these statutory requirements, as well as the applicable statute of limitations for his FTCA claim. (Doc. 1, pp. 5-6).

Although the Court will allow Count 1 to proceed against the United States at this time, the Court has not decided whether Plaintiff's Complaint and accompanying paperwork comply with 735 ILCS § 5/2-622. Certainly, failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). But given Plaintiff's assertion that he is still awaiting receipt of medical records that he requested from FCI-Greenville's HSU, the Court will not dismiss the action for noncompliance with these requirements at this time. *See* 735 ILL. COMP. STAT. § 5/2-622(a) (granting an additional 90 days to file written report after receiving medical records requested from respondent who has not complied within 60 days of receiving request). Count 1 shall proceed against the United States.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening and shall proceed against Defendant **UNITED STATES OF AMERICA**.

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** with prejudice against Defendants **FEDERAL BUREAU OF PRISONS** and **FEDERAL DEPARTMENT OF JUSTICE** for failure to state a claim upon which relief may be granted. The Clerk is **DIRECTED** to **TERMINATE** both defendants as parties in CM/ECF.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by

registered or certified mail addressed to the civil-process clerk at the Office of the United States Attorney for the Southern District of Illinois a copy of the Summons, the Complaint (Doc. 1), and this Memorandum and Order, and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the Summons, the Complaint (Doc. 1), and this Memorandum and Order.

Each Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 26, 2017**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**