IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 3:17-cv-946-JPG-RJD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

**DALY, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Reona J. Daly by United States District Judge J. Phil Gilbert pursuant to 28 U. S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the United States of America's Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. 11).  For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED IN PART AND DENIED IN PART**, and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

Plaintiff Reginald Young, an inmate in the custody of the United States Bureau of Prisons ("BOP"), filed this lawsuit alleging he received inadequate medical care for his vision problems while he was incarcerated at the Federal Correctional Institution located in Greenville, Illinois ("FCI Greenville").  Following an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. §1915A, he was allowed to proceed on a claim under the Federal Tort Claims Act ("FTCA") against the United States of America for federal officials' failure to adequately treat his vision

problems.

On January 2, 2018, Defendant filed a motion to dismiss, or in the alternative, a motion for summary judgment that is now before the Court (Doc. 11). Plaintiff filed a timely response (Doc. 13). Defendant argues that Plaintiff's FTCA claim should be dismissed, or summary judgment granted, due to Plaintiff's failure to comply with 735 ILCS 5/2-622. Defendants contend that Plaintiff failed to attach a report and affidavit to his complaint demonstrating he has a reasonable and meritorious cause of action.

## LEGAL STANDARDS

### A. *Dismissal Pursuant to Rule 12(b)(6)*

In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted). A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. Additionally, "[a]llegations of a pro se complaint are held 'to less stringent standards than formal pleadings drafted by lawyers … Accordingly, *pro se* complaints are liberally construed." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (quoting *Haines v. Kerner*, 404 U.S. 519,

520 (1972)) (other citations omitted).

### B. Summary Judgment Standard

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ruffin Thompkins v. Experian Information Solutions, Inc*., 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc*., 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 160 (1970); *Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of a nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted).

### CONCLUSIONS OF LAW

In the motion now before the Court, Defendant seeks dismissal of Plaintiff's complaint, or in the alternative, summary judgment on Plaintiff's FTCA claim. Defendant attaches a number of exhibits in support of its motion. When a party attaches a document to a motion to dismiss, Rule

12(d) prescribes that the court must either convert the 12(b)(6) motion into a motion for summary judgment, or exclude the documents attached to the motion to dismiss and continue its analysis under Rule 12.  *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *see also* FED. R. CIV. P. 12(d).  However, a court may consider documents attached to a motion to dismiss without converting it to a motion for summary judgment if they are referred to in the plaintiff's complaint and if they are central to the plaintiff's claim.  *Levenstein*, 164 F.3d at 647 (quoting *Wright v. Associated Ins. Cos., Inc.,* 29 F.3d 1244, 1248 (7th Cir. 1994)).   This narrow exception is "aimed at cases interpreting, for example, a contract" and "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment."  *Id.*   The district court ultimately has discretion in determining whether to convert a motion to dismiss into a motion for summary judgment.  *Levenstein*, 164 F.3d at 347 (citing *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

In this instance, it is apparent that the documents submitted by Defendant do not fit the narrow exception articulated by the Seventh Circuit.  As such, this Court would need to exercise its discretion and convert Defendant's motion into a motion for summary judgment, pursuant to Rule 12(d), in order to consider the attachments appended to Defendant's motion.  However, the Court does not find it necessary to convert Defendant's motion to a motion for summary judgment and notes that consideration of the pertinent documents would not change its analysis.   The Court will consider the documentary evidence submitted by Plaintiff in response to Defendant's motion as it is limited to affidavits and certain medical records that Plaintiff contends satisfy the requirements of § 2-622 and it is presented to meet basic pleading requirements.

The Court notes that Plaintiff's FTCA claim is governed by the substantive law of the State

of Illinois (as the facts underlying said claim occurred at FCI Greenville).  *See* 28 U.S.C. § 1346(b), 2674; *see also Bowen v. United States*, 570 F.2d 1311, 1315-16 (7th Cir. 1978).  Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art medical practice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious; (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and the affiant has not previously voluntarily dismissed an action based on the same claim; or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records).  *See* 735 Ill. Comp. Stat. § 5/2-622(a).  Failure to file the required affidavit is grounds for mandatory dismissal of the claim.  *See* 735 ILCS § 5/2-622; *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).  However, whether dismissal should be with or without prejudice is up to the sound discretion of the court.  *Sherrod*, 223 F.3d at 614.

The prevailing rule in this Court (and elsewhere in this Circuit), is that the certificate of merit requirement is a substantive rule of Illinois law for purposes of claims brought under the FTCA.  Accordingly, Plaintiff was required to file a certificate of merit along with his complaint.  Plaintiff failed to submit any such certificate.  The Court's screening order noted this deficiency, but allowed Plaintiff to proceed on his claim as he had indicated he was awaiting receipt of additional medical records.  Plaintiff now submits three medical records to satisfy the certificate of merit requirements.  First, Plaintiff has provided a medical record from his April 4, 2011 exam

with Dr. Jeffery Maher. The record is difficult to read; however, Plaintiff attests that Dr. Maher discussed and diagnosed his progressive loss of vision and recommended OS (left eye) cataract surgery. Plaintiff also provides the medical record from a July 19, 2011 exam with Dr. Maher in which he again recommended OS cataract surgery. Finally, Plaintiff submits a letter written by Dr. Bart Brine dated November 3, 2008, in which Dr. Brine recommends "cataract removal, the OD followed shortly by the OS."

Illinois courts have remarked that "[t]he technical requirements of [§ 2-622] should not interfere with the spirit or purpose of the statute [and] [t]he absence of strict technical compliance with the statute is one of form only and not of substance." *Cutler v. Northwest Suburban Community Hospital*, 939 N.E.2d 1032, 1043 (Ill. App. Ct. 2010). In this instance, the records Plaintiff points to are not merely deficient in that they fail to meet the technical requirements of § 2-622, but they also fail to the meet the "spirit or purpose of the statute" in that they fail to establish that Plaintiff has a reasonable and meritorious malpractice claim. The records provided merely evidence what certain physicians have recommended as a treatment protocol for Plaintiff's condition. Notably, the records *do not* reflect a determination on behalf of the providers that this lawsuit is meritorious and reasonable. Indeed, the records provided do not include any opinion on the care and treatment Plaintiff received at FCI Greenville. As Plaintiff has had ample time and opportunity to provide the appropriate documentation pursuant to § 2-622, the Court recommends dismissal with prejudice.

### RECOMMENDATIONS

Based on the foregoing, the Court **RECOMMENDS** that the United States of America's Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. 11) be **GRANTED**

**IN PART AND DENIED IN PART**; that Plaintiff's FTCA claim (and the entirety of this lawsuit) be **DISMISSED WITH PREJUDICE**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).

**DATED: August 14, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**