IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD YOUNG,
Plaintiff,

v.   Case No. 3:17-cv-946-JPG-RJD

UNITED STATES OF AMERICA,
Defendant,

PLAINTIFF'S RESPONSE TO THE MAGISTRATE'S
REPORT AND RECOMMENDATION

COMES NOW, Reginald Young, the plaintiff, pro se and files his response to the Magistrate's Report and Recommendation.

Plaintiff states as follows:

Pursuant to 735 ILCS §5/2-622 any action, whether in Tort, Contract, or otherwise, in which the plaintiff seeks damage's for injuries or death by reason of medical malpractice, hospital or other healing malpractice, the plaintiffs attorney or the plaintiff, if the plaintff is proceeding pro se, shall file an affidavit attesting that a qualified licensed physician has reviewed the case and determined that "there is a reasonable and meritorious cause for the filing of such action." Failure to abide by this requirement "Shall be grounds for dissmissal."

In the case at hand the court screened plaintiff's original complaint pursuant to 28 USC §1915(A) while he was proceeding pro se and determined that the plainteff in -fact has filed an affidavit with the medical report from his April 4, 2011 exam with Dr. Jeffrey Maher that comlied with the requirements of § 5/2-622. The plaintiff also provided medical records from July 19, 2011 exam with Dr. Maher in which it was clear that he recommended OS Cataract Surgery.

The plaintiff also submitted to this court further medical reports clearly stating that Dr. Brine recommends "Cataract Removal." The plaintiff asserts when a recommendation of treatment from a licensed physician after reviewing the plaintiff's medical condition, determines that there is a "reasonable and meritorious cause for corrective surgery should surfice as the same as an "Affidavit".

This court should also note that the plaintiff has been diagnosed with progressive loss of vision since 2008 and any medical negligence claim should stand on these's merits alone.

This court should allow the reports from Dr. Maher and Dr. Brine and find they are sufficient to allow that plaintiff to bring his claim against the defendant's. See Stoces v. Obaisi, 2017 U.S. Dist Lexis 14794 (February 2, 2017).

The record is clear that the plaintiff filed a physicians cerfificate of merit and accompaonying report showing and "clearly ifentifying...the reasons for the reviewing health professional's determination that the plaintiff's claim exist.

The plaintiff belwives based on the documentation he has provided to this court and acting in pro se has satisfied the minimal requirements of section §5/2-622. Plaintiff asserts that this requirement is a procedural rule not a substantive one, and asks this Honorable Court to over-rule the Magistrates Report and Recommendation and allow the plaintiff to proceed with his claim.

Respectfully submitted on this 23 day of August, 2018.

*Reginald Young*
Mr. Reginald Young #50081-066
FCI Greenville, P.O. Box 5000
Greenville, IL 62246
PRO SE REPRESENTATION

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of this foreging instrument has been mailed First Clas, prepaid postage on this 23 day of August, 2018 to the parties listed in this document, and noted below by hand delivering a copy the same to prison officials at FCI Greenville mailroom for mailing through the internal Legal Mail System. This instrument has been mailed to the United States District Court and the United States Attorney.

*/s/ Reginald Young*

Mr. Reginald Young #50081-066
FCI-Greenville, P.O. Box 5000
Greenville, IL 62246
PRO SE REPRESENTATION

FEDERAL CORRECTION INSTITUTION GREENVILLE

REGINALD YOUNG #50081-066
P.O. BOX 5000
GREENVILLE, IL 62246



LEGAL MAIL

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
301 WEST MAIN STREET
BENTON, IL 62812

62812-136201

**RECEIVED**

AUG 27 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

FEDERAL BUREAU OF PRISONS
POST OFFICE BOX 4000
GREENVILLE, IL 62246

The enclosed letter was processed on 8/23 through special mailing procedures. The letter has neither been opened or inspected. If the writer raises a questions or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.