IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| REGINALD YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-00946-JPG-RJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## THE UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE R&R THAT RECOMMENDS DISMISSAL OF PLAINTIFF'S FTCA ACTION WITH PREJUDICE

Defendant, the United States of America, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Nicholas J. Biersbach, Assistant United States Attorney, hereby responds to Plaintiff's Objections (Doc. 17) to the Report & Recommendation ("R&R") (Doc. 16) that recommends dismissal of Plaintiff's Federal Tort Claims Act ("FTCA") medical negligence action with prejudice, and in support, states as follows:

### BACKGROUND

Plaintiff Reginald Young, Reg. No. 50081-066, is a 58 year-old male currently housed at the Federal Correctional Institution in Greenville, Illinois ("FCI Greenville"). *See* Bureau of Prisons ("BOP") inmate locator, *available at* https://www.bop.gov/inmateloc/. Following a jury trial on June 8, 2006, Plaintiff was found guilty in the Eastern District of Pennsylvania, Case No. 05-cr-00307 (E.D. Pa. 2005) (Doc. 147), of: (1) conspiracy to possess with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and (3) possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Plaintiff's projected release date from the BOP is July 11, 2021.

Plaintiff has filed an FTCA medical negligence suit against the United States based on federal officials' alleged failure to adequately treat his vision issues. (*See* Doc. 1). On January 2, 2018, the United States moved to dismiss the FTCA action on the grounds that Plaintiff failed to comply with the requirements of 735 ILCS 5/2-622. (See Doc. 11). In particular, FTCA claims are governed by the substantive law of the state where the alleged tort occurred, here, Illinois. *See* 28 U.S.C. §§ 1346(b), 2674; *see also Murrey v. United States*, 73 F.3d 1448, 1453 (7th Cir. 1996). In Illinois medical negligence actions, counsel for plaintiffs, or the plaintiff if he is proceeding *pro se*, must file an affidavit with the complaint that states the affiant has consulted with a health professional who, after reviewing the medical records and other relevant material, has determined in a written report that there is a reasonable and meritorious cause for filing the action. *See* 735 ILCS 5/2-622(a)(1). Counsel for plaintiff, or the *pro se* litigant, must also attach a copy of the report to the affidavit, and the medical report must identify the plaintiff and the reasons why the professional believes there to be a reasonable and meritorious cause of action. *See id.* The affidavit and report are required "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries . . . by reason of medical, hospital, or other healing art malpractice . . . ." 735 ILCS 5/2-622(a). The United States argued that, rather than file the requisite report and affidavit, Plaintiff submitted medical records regarding his treatment, and none of records indicate Plaintiff consulted a medical professional who determined Plaintiff has a reasonable and meritorious cause of action.

On August 14, 2018, Magistrate Judge Daly agreed with the United States' argument and issued an R&R that recommends dismissal of this action in its entirety with prejudice. (*See* Doc. 16). The R&R recognizes that Plaintiff submitted medical records to the Court in order to meet the report and affidavit requirements of 735 ILCS 5/2-622. (*See id.* at pp. 5-6). The records include: (1) a visit with Dr. Maher which Plaintiff attests included a discussion and diagnosis of progressive loss of vision and a recommendation for OS (left eye) cataract surgery; (2) an exam with Dr. Maher where

2

he again recommends OS cataract surgery; and (3) a letter from Dr. Bart Brine where Dr. Brine recommends, "cataract removal, OD followed shortly by the OS." (*See id.*). The R&R states, "[i]n this instance, the records Plaintiff points to are not merely deficient in that they fail to meet the technical requirements of § 2-622, but they also fail to meet the 'spirit or purpose of the statute' in that they fail to establish that Plaintiff has a reasonable and meritorious malpractice claim." (*See id.* at p. 6). Furthermore, the R&R finds, "[t]he records provided merely evidence what certain physicians have recommended as treatment protocol for Plaintiff's condition. . . . [T]he records do not reflect a determination on behalf of the providers that this lawsuit is meritorious and reasonable." (*See id.*).

## ARGUMENT

Under Federal Rule of Civil Procedure 72(b)(3), "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

On August 27, 2018, Plaintiff objected to the R&R. (*See* Doc. 17). In the Objections, Plaintiff maintains the medical records and letter he previously submitted meet the report and affidavit requirements. To support this argument, Plaintiff cites *Stoces v. Obasisi*, Case No. 3:15-cv-277-DGW, 2017 U.S. Dist. LEXIS 14794 (S.D. Ill. Feb. 2, 2017). There, the District Court's screening order determined that, with regard to a medical negligence claim asserted under Illinois law, the "[p]laintiff ha[d] filed the requisite affidavit and a report written by Lisa Johnson, Director of Nursing for the Illinois Department of Corrections. After reviewing [p]laintiff's medical history, Johnson notes, '[t]his grievance does have merit in regard to timeline of first positive hemmocult and initial plan of care.'" *See* Case. No. 3:15-cv-277-DGW (S.D. Ill.), at Doc. 6, p. 7 (citation omitted).

Plaintiff's reliance on *Stoces* does not support his case. First, the memorandum in *Stoces* provided by Nurse Johnson likely should not have been deemed sufficient for 735 ILCS 5/2-622 purposes. In particular, the memorandum appears to be authored by a nurse in response to a grievance submitted by an Illinois Department of Corrections inmate. *See id.*, Doc. 1-1, pp. 2-3. The memorandum states nothing about a reasonable and meritorious medical negligence action; it only states the grievance has merit.

Furthermore, the defendants to the medical negligence action were physicians and Wexford Health Services (a corporation that provides medical care at Illinois prisons on a contractual basis). Under Illinois law, a § 5/2-622 report authored by a nurse as to care by physicians and implicating Wexford does not meet the statute's requirements. *See Shanks v. Memorial Hospital*, 525 N.E.2d 177, 179-80 (1988) (explaining that, except for podiatrists, dentists, and psychologists, the merits report must be completed by a "*physician* licensed to practice medicine in all its branches.") (citing 735 ILCS 5/2-622(a)(1)) (emphasis added); *see also Parker v. United States*, Case No. 16 C 10391, 2017 WL 4572498 (N.D. Ill. May 24, 2017).

Moreover, even assuming the memorandum by the nurse satisfied 735 ILCS § 5/2-622's requirements, that memorandum differs significantly from the medical records submitted to the Court by Plaintiff in this case. Specifically, the nurse's memorandum actually chronicles care Plaintiff received, reflecting the nurse reviewed records relevant to the medical care at issue. *See* 735 ILCS 5/2-622(a)(1)("[T]he affiant [must] consult[] with a health professional who, after reviewing the medical records and other relevant material, has determined in a written report that there is a reasonable and meritorious cause for filing the action."). The medical records Plaintiff has submitted in this case fail to reflect a similar review of relevant material.

Additionally, while the nurse's memorandum states nothing about a reasonable and meritorious medical negligence action, the memorandum at least provides an opinion that the prisoner's grievance had merit. The medical records submitted by Plaintiff do nothing of the sort.

Finally, in *Stoces*, it appears the defendants may have failed to present a 735 ILCS 5/2-622 argument in a procedurally and substantively viable manner. *See* Case. No. 3:15-cv-277-DGW (S.D. Ill.), at Doc. 92. Here, however, the United States presented a substantive argument for dismissal on 735 ILCS 5/2-622 grounds at the outset of this case.

Medical records like those Plaintiff submitted are developed and recorded for the purpose of rendering proper treatment and documenting a patient's medical history. They are not meant to and do not state that a patient has a meritorious medical negligence action for purposes of compliance with 735 ILCS 5/2-622. The R&R recognizes as much, where it states, "[t]he records provided merely evidence what certain physicians have recommended as treatment protocol for Plaintiff's condition. . . . [T]he records do not reflect a determination on behalf of the providers that this lawsuit is meritorious and reasonable." This statement is accurate and demonstrates why Plaintiff's attempt to meet the requirements of 735 ILCS 5/2-622 by submitting medical records and a letter regarding his treatment must fail. The Court, therefore, should adopt the R&R's recommendation to dismiss this action.

Additionally, whether a dismissal for failure to comply with 735 ILCS 5/2-622 should be with or without prejudice is left to the sound discretion of the Court. *Sherrod v. Lingle*, 223 F.3d 605, 614 (7th Cir. 2000). The R&R states that, "[t]he Court's screening order [from October 26, 2017] noted," Plaintiff's failure to comply with 735 ILCS 5/2-622, "but allowed Plaintiff to proceed on his claim as he had indicated he was awaiting receipt of additional medical records." (*See* Doc. 16 at p. 5). Thereafter, however, Plaintiff never submitted the materials. The Court screened the Complaint on October 26, 2017, and the R&R was issued on August 14, 2018. The R&R determines, this period afforded Plaintiff "ample time and opportunity to provide the appropriate documentation pursuant to

§ 2-622 . . . ." Plaintiff has not. The R&R, therefore, recommends dismissal with prejudice. This recommendation should also be adopted given it reflects an exercise of sound discretion.

## CONCLUSION

Plaintiff has failed to comply with the requirements of 735 ILCS 5/2-622 despite having had ample time to do so. The Court, therefore, should overrule Plaintiff's Objections to the R&R, adopt the R&R in its entirety, and dismiss this action in its entirety with prejudice.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

*s/ Nicholas J. Biersbach*
NICHOLAS J. BIERSBACH
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, IL 62208-1344
Phone: (618) 628-3700
Fax: (618) 622-3810
E-mail: Nicholas.Biersbach@usdoj.gov

**Certificate of Service**

I hereby certify that on August 31, 2018, I electronically filed the foregoing **THE UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE R&R THAT RECOMMENDS DISMISSAL OF PLAINTIFF'S FTCA ACTION WITH PREJUDICE** with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

None

and I hereby certify that on August 30, 2018, I also mailed by United States Postal Service, the document to the following non-registered participant:

Reginald Young, 50081-066
Greenville Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 5000
Greenville, IL 62246

*s/ Nicholas J. Biersbach*
NICHOLAS J. BIERSBACH
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, IL  62208-1344
Phone:  (618) 628-3700
Fax:  (618) 622-3810
E-mail:  Nicholas.Biersbach@usdoj.gov