UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD YOUNG,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS and
DEPARTMENT OF JUSTICE,

    Defendants.

Case No. 17-cv-946-JPG-RJD

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 16) of Magistrate Judge Reona J. Daly recommending that the Court grant the motion of the United States to the extent it seeks dismissal and to deny the motion to the extent it seeks summary judgment (Doc. 11). Plaintiff Reginald Young has objected to the Report (Doc. 17), and the United States has responded to his objection (Doc. 18).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Young filed this case under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, alleging that medical personnel at the Federal Correctional Institute in Greenville, Illinois ("FCI-Greenville") provided inadequate medical care for his vision problems. Specifically, he alleges they were negligent in not providing surgery for his left eye after it was

recommended by doctors.

Under the FTCA, the United States can be liable for the wrongful conduct of its employees acting within the scope of their employment to the same extent a private person would be liable under the law where the conduct occurred. This means that at FCI-Greenville, the United States can be liable if one of its employees committed medical malpractice under Illinois law. The Illinois Healing Arts Malpractice Act requires that a *pro se* plaintiff filing a medical malpractice case must file, either with his complaint or within a subsequent specified period afterward, an affidavit declaring that he has consulted a knowledgeable health professional who has reviewed the medical records and documents and has determined in a written report that "there is a reasonable and meritorious cause" for the filing of the malpractice action. 735 ILCS 5/2-622(a). The written report must be attached to the affidavit. *Id.* This is often referred to as the certificate of merit requirement. The purpose of the certificate of merit requirement is to reduce the number of frivolous malpractice suits. *Ebbing v. Prentice*, 587 N.E.2d 1115, 1117 (Ill. App. Ct. 1992). The failure to file the certificate of merit is grounds for dismissal of the action. 735 ILCS 5/2-622(g). Federal courts interpret this requirement to be a substantive aspect of a medical malpractice claim under Illinois law. *See Hahn v. Walsh*, 762 F.3d 617, 633 (7th Cir. 2014).

In her Report, Magistrate Judge Daly found that Young had not submitted the required certificate of merit with his complaint. She further found that three medical records Young submitted in his response to the United States' motion do not satisfy the certificate of merit requirement. All three records, Magistrate Judge Daly noted, recommend certain medical care but do not indicate that the medical professionals generating those medical records deemed Young's malpractice lawsuit "reasonable and meritorious." Nor do the authors of those medical

records express any opinion on the adequacy of the treatment Young actually received. Magistrate Judge Daly found that the medical reports simply did not comply with the technical aspects or the spirit of the certificate of merit requirement. Magistrate Judge Daly further found that Young had had ample time to obtain the required certificate, so he should not be allowed more time. Instead, she recommended the Court dismiss Young's FTCA claim with prejudice.

In his objection, Young asserts that the Court has already determined that Young has satisfied the certificate of merit requirement of 735 ILCS 5/2-622(a)(1) by providing a medical record in which surgery on his left eye was recommended. He further points to additional medical records he submitted to the Court in response to the United States' motion and argues they satisfy the certificate of merit requirement because they essentially demonstrate a "reasonable and meritorious cause" for surgery on Young's left eye. He further points to a case, *Stoces v. Obaisi*, No. 15-cv-277-DGW, 2017 U.S. Dist. Lexis 14794 (S.D. Ill. Feb. 2, 2017), in which the court found a nurse's assessment of the merits of a grievance against a doctor to be a sufficient certificate of merit.

In response, the United States argues that the nurse's certificate found acceptable in *Stoces* should not have qualified as a certificate of merit and urges the Court not to repeat that error by finding Young's medical records adequate. It also notes that there is no indication that, unlike the nurse in *Stoces*, Young's doctors reviewed all of the relevant medical records or had any opinion on the merits of Young's complaint of malpractice.

The Court reviews the matter *de novo*. As a preliminary matter, Young is incorrect to suggest the Court determined in its October 26, 2017, order (Doc. 6) that Young had satisfied the certificate of merit requirement. In fact, it specifically noted it did not decide the question— "Although the Court will allow Count 1 to proceed against the United States at this time, the

Court *has not decided* whether Plaintiff's Complaint and accompanying paperwork comply with 735 ILCS § 5/2-622." (emphasis added)—but it gave him a further opportunity for compliance.

The Court further notes *Stoces* is neither binding on this Court nor persuasive. In fact, it involved a factual scenario not at all like the one in this case.

Finally, the Court agrees with Magistrate Judge Daly that the medical records provided by Young do not comply with the letter or spirit of 735 ILCS § 5/2-622(a). That provision requires "that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action," and it requires submission of "[a] copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists. . . ." No medical record Young has submitted indicates (1) that the doctors making the records had reviewed all of Young's medical records and other relevant documents, (2) that there was "reasonable and meritorious cause" for filing a medical malpractice action, or (3) the reasons for that conclusion. It is true that the authors of the medical records recommended a different course of treatment than Young received, but in medicine there is often a range of reasonable treatments, and a doctor's recommending one course does not necessarily imply that a doctor who choses another commits malpractice. This is why the certificate of merit requires not a statement that a *course of treatment* desired by the plaintiff is "reasonable and meritorious" but a statement that the medical malpractice *cause of action* is. Young has provided no such statement in this case.

For these reasons, the Court agrees with Magistrate Judge Daly that Young has failed to comply with 735 ILCS § 5/2-622(a), and his case should therefore be dismissed. Accordingly,

the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 16);

- **GRANTS** the United States' motion to dismiss or, in the alternative, for summary judgment (Doc. 11);

- **DISMISSES** Count 1 against the United States **with prejudice** ; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   September 5, 2018**

                                       s/ J. Phil Gilbert
                                       **J. PHIL GILBERT**
                                       **DISTRICT JUDGE**